UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| NMS, INC., | CASE NO. 16-CV-00545 |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc. No. 5] |
| BREY & Co., et al., | |
| Defendants. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff NMS is an Ohio corporation that provides accounting services to clients in Ohio and Florida.[1] NMS previously employed Defendants Gayla Russell and Amy Diamond under an Asset Purchase Agreement with Defendant Brey & Co.[2] Brey had previously employed Russell and Diamond.

NMS terminated Defendant Russell's employment on or about October 1, 2015.[3] NMS terminated Defendant Diamond's employment in the early part of 2015.[4]

NMS claims that Russell, Diamond and Brey violated a non-compete provision of the Asset Purchase Agreement by servicing NMS clients. NMS sues Defendants for misappropriation of trade secrets, tortious interference with business relationships, breach of contract, and restitution.[5]

On March 2, 2016, NMS filed its Verified Complaint and motion for a temporary restraining order in the Geauga County Common Pleas Court.[6] NMS sought to restrain

---

[1] Doc. 1-1 at ¶ 1.
[2] *Id.* at ¶¶ 6-9.
[3] *Id.* at ¶ 12.
[4] *Id.* at ¶ 13.
[5] *Id.*
[6] Doc. 5 at ¶ 8.

Case No. 16-CV-545
Gwin, J.

Defendants from servicing clients on the client list and using other proprietary information belonging to NMS.[7] On March 2, 2016, the Geauga County Common Pleas Court issued a TRO.[8] NMS posted the bond on March 7, 2016, and the 14-day TRO became effective.[9]

Defendants removed the case to this Court on March 7, 2015.[10] Plaintiff now moves for an extension of the TRO to March 26, 2016.[11] Plaintiff provides minimal supporting argument, saying merely that it seeks the extension "[t]o preserve the status quo, and as a further incentive for both sides to continue talking and minimize legal fees and other expenses."[12] Defendant opposes the motion for the extension.[13]

In reviewing a motion for a temporary restraining order, this Court considers the familiar four-factor test: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunctions."[14]

Defendants raise compelling arguments that Plaintiff will not succeed on the merits. Although Defendants' motion to dismiss for lack of jurisdiction is currently unopposed, Defendants raise colorable arguments that that this Court lacks personal jurisdiction over the Defendants.[15] Moreover, Defendants raise colorable arguments that a separate contract rather than the Asset Purchase Agreement may control this case.[16]

---

[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 10.
[9] *Id.* at ¶ 11.
[10] Doc. 1.
[11] Doc. 5.
[12] *Id.* at ¶ 18.
[13] Doc. 6.
[14] *Farnsworth v. Nationstar Mortg., LLC*, 569 Fed. App'x 421, 425-26 (6th Cir. 2014) (quoting *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).
[15] Doc. 4; Doc 6 at 3.
[16] Doc 6 at 3-4; Doc. 6-1.

Case No. 16-CV-545
Gwin, J.

However, the Court need not decide these issues to conclude that a temporary restraining order is inappropriate in this instance.  Plaintiff has not shown irreparable injury.  Plaintiff has not identified any particular client Defendants have contacted, or identified what confidential information Defendants could use and how it would injure Plaintiff.  Moreover, Plaintiff has not shown that these alleged injuries cannot be remedied at law.[17]

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to extend the TRO to March 26, 2016.

IT IS SO ORDERED.

Dated:  March 23, 2016                         s/        *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[17] *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) ("To demonstrate irreparable harm, the plaintiffs must show that . . . they will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated.").

-3-