UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
NMS INC.,                                           :          CASE NO. 16-CV-545
                                                    :
                 Plaintiff,                         :
                                                    :
        vs.                                         :          OPINION & ORDER
                                                    :          [Resolving Doc. 9]
BREY & CO., et al.,                                 :
                                                    :
                 Defendants.                        :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff NMS, Inc. brings claims for misappropriation of trade secrets, tortious

interference with business relationships, and breach of contract against Brey & Co., Gayla

Russell and Amy Diamond. Responding to NMS's complaint, Defendants Russell and Diamond

move to dismiss for lack of personal jurisdiction. For the following reasons, this Court **DENIES**

Defendants' motion.

## I. Background

        Plaintiff NMS, an Ohio corporation, provides accounting services to Ohio and Florida

clients.[1]  Defendant Brey & Co., a Florida corporation, also provides accounting services.[2]

        Until November 9, 2012, Florida residents Russell and Diamond were important Brey &

Co. employees.  On November 9, 2012, NMS purchased Brey & Co. through an Asset Purchase

Agreement. Under the Asset Purchase Agreement, NMS purchased "all of Brey's intangibles,

intellectual and proprietary property, including all of Brey's client lists, and the clients' business

and other records."[3] The Asset Purchase Agreement included a Florida choice of law provision.[4]

---

[1] Doc. 8 at ¶ 1.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 10
[4] Doc. 8-1 at ¶ 13.4.

Case No. 16-cv-545
Gwin, J.

On November 9, 2012 NMS also entered into Employment Agreements with Russell and Diamond. [5] The employment agreements had loyalty and best efforts, non-disclosure, non-solicitation, and non-compete provisions.[6] These employment agreement provisions restricted Russell and Diamond for two years after the end of Defendants' NMS employment. The Employment Agreements also had a Florida choice of law provision and a venue provision that required the employees—but did not require NMS—to bring employment-related claims in Hillsborough County, Florida.[7]

While at NMS, Russell and Diamond worked in Florida, serviced Florida clients, and communicated with NMS at NMS's Ohio offices. Defendants never knowingly serviced Ohio clients or supervised Ohio employees.[8] Defendants did not have any relevant physical presence in Ohio.[9]

In April 2015, Russell and Diamond resigned from NMS.[10] After their resignation, NMS says that Russell and Diamond used NMS' proprietary information and serviced NMS clients. Plaintiff NMS says this violated the Asset Purchase Agreement and Employment Agreements.[11]

On March 2, 2016, Plaintiff NMS filed a state court action in the Geauga County Common Pleas Court.[12] On March 7, 2016, Defendants removed the case to this Court.[13]  On March 28, 2016, Plaintiffs filed an amended complaint.[14]

---

[5] *Id.* at ¶ 3–4.
[6] Doc. 8-2 at ¶¶ 3, 9.
[7] Doc. 8-1 at ¶ 16.
[8] *Id.* at ¶¶ 5–10.
[9] Defendant Russell has only been to Ohio one time to attend an event at Case Western Reserve University. Defendant Diamond has traveled to Ohio three times: once for medical treatment and twice to attend an NMS company picnic. Doc. 9-2 at ¶ 18, Doc. 9-3 at ¶ 5.
[10] Doc. 8 at ¶ 17.
[11] *Id.* at ¶ 36–50.
[12] Doc. 1-1.
[13] Doc. 1.
[14] Doc. 8.

Case No. 16-cv-545
Gwin, J.

On April 4, 2016, Defendants Russell and Diamond moved to dismiss for lack of

personal jurisdiction. With their motion, Defendants say that they do not come under the Ohio

long-arm statute and that this Court's exercise of personal jurisdiction over them would violate

their due process rights.[15]

With its opposition, Plaintiff says the Ohio long arm statute gives this Court jurisdiction

because Defendants transacted business in Ohio. Plaintiff also says this Court has specific

jurisdiction over Defendants from numerous Ohio contacts: the long-term Employment

Agreements, NMS supervision, regular communication with NMS, and work with Ohio clients.

Defendants say that they signed the Employment Agreements in Florida and say that

those agreements are insufficient to give Ohio jurisdiction.  They also say that they never

supervised Ohio employees and that NMS rarely supervised Defendants. Defendants also say

they never knowingly serviced Ohio clients.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move a court to dismiss

for lack of personal jurisdiction.[16] In a diversity case, the law of the forum state determines

whether jurisdiction exists.[17]

In the absence of an evidentiary hearing, the non-movant must make a prima facie

showing of jurisdiction.[18]  In Ohio, the party claiming jurisdiction needs to show that the

defendant falls under Ohio's long arm statute[19] and that jurisdiction comports with the

Fourteenth Amendment's due process requirements.[20] Without discovery or an evidentiary

---

[15] Doc. 9. Plaintiffs oppose. Doc. 12. Defendants reply. Doc. 13.
[16] Fed. R. Civ. P. 12(b)(2).
[17] *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).
[18] *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).
[19] Ohio Rev. Code § 2307.382.
[20] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

Case No. 16-cv-545
Gwin, J.

hearing, the Court views the pleadings and affidavits in the light most favorable to the party

claiming Ohio jurisdiction.[21]

### III. Discussion

This Court has personal jurisdiction over Defendants Russell and Diamond because their

conduct falls under the Ohio long-arm statute and because personal jurisdiction over these

Defendants meets due process requirements.

#### A. Ohio's Long Arm Statute

Ohio gives "personal jurisdiction over a person . . . as to a cause of action arising from

the person's . . . [t]ransacting any business in this state."[22] Courts determine whether a particular

defendant transacted business in Ohio, and then whether the causes of action that a plaintiff

asserts "arise from" that business.

Ohio courts read the "transacting business" prong broadly.  Ohio courts interpret

"transact" to mean "to prosecute negotiations; to carry on business; [or] to have dealings."[23]

Transact is broader than the word "contract."[24]

---

[21] *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).
[22] Ohio Rev. Code § 2307.382.
       Plaintiff alleged five other grounds for jurisdiction under Ohio's nine-prong long arm statute.
Plaintiff pointed to Defendants' (2) contracting to supply goods or services in Ohio; (3) causing tortious
injury by act or omission in Ohio; (4) causing tortious injury in Ohio by act or omission outside Ohio if he
does or solicits business, or engages in any other persistent course of conduct, or derives substantial
revenue from goods used or consumed or services rendered in this state . . . ; (6) causing tortious injury in
Ohio to any person by an act outside Ohio committed with the purpose of injuring persons, when he might
reasonably have expected that some person would be injured thereby in this state . . . ; and (8) having an
interest in, using, or possessing real property in Ohio. *Id.*
       Because the Court finds that Defendant's contacts meet the standards for transacting business, the
Court does not address these alternative grounds for jurisdiction under the Ohio long arm statute.
[23] *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990) (quoting
Black's Law Dictionary (5 Ed.1979) at 1341) (emphasis omitted).
[24] *Id.*

-4-

Case No. 16-cv-545
Gwin, J.

The court in *OnX USA LLC v. Sciacchetano* found a foreign defendant's on-going contractual relationship with an Ohio corporation enough to qualify as "transacting business" for purposes of Ohio's long arm statute.[25]

By comparison, in *Kroger Co. v. Malease Foods Corp.*, the court found that a Delaware corporation had not "transacted business" in Ohio because the Delaware corporation never directly negotiated with an Ohio corporation. The *Kroger* defendant had only negotiated with a Tennessee corporation, and the Tennessee corporation negotiated with the Ohio corporation.[26]

Like *OnX USA*, Defendants Russell and Diamond transacted business in Ohio when they entered into long-term Employment Agreements with Ohio corporation NMS. Unlike *Kroger*, Defendants negotiated their NMS Employment Agreements directly with NMS.

Contrary to Defendants' arguments, Defendants did not need to supervise Ohio employees or be supervised by Ohio employees. The fact that Defendants chose to negotiate and enter into Asset Purchase and Employment Agreements with an Ohio business is sufficient to "transact business" in Ohio.[27]

Plaintiff NMS also needs to show that the causes of action it brings "arise from" the business Defendants had in Ohio.

The "arising from" language requires proximate cause between the claims and the defendants' Ohio conduct.[28]  Suits for breach of contract satisfy this requirement when an Ohio individual is party to the underlying contract.[29]

[25] *OnX USA LLC v. Sciacchetano*, 913 F. Supp. 2d 473, 476 (N.D. Ohio 2012) (long-term contract between New Jersey defendant and Ohio Plaintiff was "transacting business" for breach of contract dispute).
[26] *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 514 (6th Cir. 2006).
[27] *OnX USA LLC*, 913 F. Supp. 2d at 476.
[28] *Brunner*, 441 F.3d at 466–67 (holding that allegations for wrongful death did not arise from Canadian camp ground advertising in Ohio, but rather arose from negligently maintained facilities in Canada, and therefore did not meet Ohio's long arm statute's "arising from" requirement).
[29] *OnX USA LLC*, 913 F. Supp. 2d at 477; *see also* *ALTA Analytics, Inc. v. Muuss*, 75 F.Supp.2d 773, 779 (S.D. Ohio 1999).

-5-

Case No. 16-cv-545
Gwin, J.

In this case, Plaintiff's causes of action arise out of its former employment relationships with Russell and Diamond. These employment relationships were governed by the Defendants' Employment Agreements. Defendants negotiated these agreements with NMS. Therefore, Defendants' business with an Ohio party proximately caused Plaintiff's alleged harms.

Defendants fall under the Ohio long-arm statute.

## B.  Constitutional Due Process

Plaintiff must show that this Court's exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  Due process protects an individual's liberty interest by limiting jurisdiction over defendants who lack sufficient contacts with that jurisdiction to provide them with fair warning that their activities may subject them to suit in the forum.[30]

Plaintiff does not argue that Defendants have such "continuous and systemic" contacts to allow for jurisdiction over *any* claim—usually called "general" jurisdiction.[31]  Instead, Plaintiff argues that this Court has "specific" jurisdiction because the lawsuit arises from or is related to the Defendants' contacts with the forum state.[32]

The Sixth Circuit has articulated a three-part test for determining whether the exercise of specific personal jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.[33]

---

[30] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).
[31] General jurisdiction allows a defendant to be pulled into Court on *any* claim, because his contacts are "of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird*, 289 F.3d at 873 (quoting *Third Nat. Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).
[32] Doc. 12 at 3–4.
[33] *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Case No. 16-cv-545
Gwin, J.

Further explaining, the Sixth Circuit said,

> business is transacted in a state when obligations created by the defendant or
> business operations set in motion by the defendant have a realistic impact on the
> commerce of that state; and the defendant has purposefully availed himself of the
> opportunity of acting there if he should have reasonably foreseen that the
> transaction would have consequences in that state.[34]

i. *Purposeful Availment*

The "purposeful availment" requirement is satisfied when the defendant's contacts with

the forum state "proximately result from actions by the defendant himself that create a

'substantial connection' with the forum State," and when the defendant's conduct and connection

with the forum are such that he "should reasonably anticipate being haled into court there."[35] The

"purposeful availment" requirement ensures that "random," "fortuitous," or "attenuated"

contacts do not cause a defendant to be called into a jurisdiction.[36] Furthermore,

> [t]he Supreme Court has emphasized, with respect to interstate contractual
> obligations, that parties who reach out beyond one state and create continuing
> relationships and obligations with citizens of another state are subject to
> regulation and sanctions in the other State for the consequences of their
> activities.[37]

Plaintiff makes out a prima facie showing that Defendants purposefully availed

themselves of the privilege of doing business in Ohio. According to Plaintiff's complaint and

NMS president affidavit, Defendants Russell and Diamond entered into Employment

Agreements that created substantial and long-lasting obligations and benefits between

---

[34] *Id.* at 382–83.
[35] *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 807 (N.D. Ohio 1998) (quoting *CompuServe*, 89 F.3d at 1263).
[36] *Id.* (quoting *Burger King Corp.*, 471 U.S. at 475); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[37] *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989) (quoting *Burger King Corp.*, 471 U.S. at 473) (internal quotation marks omitted).

Case No. 16-cv-545
Gwin, J.

Defendants and NMS in Ohio.[38] Defendants consistently communicated with NMS Ohio

employees while working for NMS.[39] NMS allegedly supervised Defendants, even though

Defendants worked from Florida.[40] NMS processed Defendants' salary and reimbursements from

Ohio.[41] In their work, Defendants accessed Ohio-based servers through remote-access

software.[42] Defendant Russell allegedly "contacted NMS' [Ohio and Florida] clients and readily

used proprietary information purchased and owned by NMS in providing services to these

clients."[43] Defendant Diamond also allegedly "misappropriated NMS' trade secrets by soliciting

and taking NMS' clients."[44]

By contracting with an Ohio business and then allegedly breaching contract terms,

Defendants could reasonably have foreseen that their actions would have Ohio consequences.

Defendants purposefully availed themselves of the privilege of doing Ohio business.

ii. *"Arise From"*

A cause of action arises from the Defendants' activities in the forum state if the

Defendants' forum state contacts are related to the operative facts of the controversy.[45]

---

[38] Defendants make much of the fact that the Employment Agreements were signed in Florida and have Florida choice of law provision. These facts do not change the jurisdictional analysis. *See Southern Mach. Co.*, 401 F.2d, at 382 ("the technicalities of the execution of the contract and the contractual provision that the contract was made in New York and was to be interpreted according to the law of New York cannot change the business realities of the transaction").
[39] Doc. 8 at ¶ 15.
[40] *Id.* Defendants say that they did not supervise Ohio employees and were rarely, if ever, supervised by Ohio NMS employees. Doc 9-1 at 3–4. Though Defendants make some argument on this ground, this Court does not consider Defendants' conflicting versions of the facts on Defendants' motion to dismiss.
[41] *See OnX USA LLC*, 913 F. Supp. 2d at 478 (finding Ohio processing of defendant's pay and benefits to be an Ohio contact).
[42] *See id.* (finding "reaching into Ohio-based data systems to forward data to his personal email address" to be an Ohio contact). Defendants say they did not knowingly access Ohio-based servers, and that such access would be insufficient to give personal jurisdiction. Doc. 9-1 at 5–6, 15. While remotely accessing Ohio servers may be insufficient on its own to give jurisdiction, it is one contact that this Court can consider for due process purposes
[43] Doc. 12-1 at ¶ 44.
[44] *Id.* at ¶ 48.
[45] *CompuServe, Inc.*, 89 F.3d at 1267.

-8-

Case No. 16-cv-545
Gwin, J.

Defendants' contractual obligations and alleged Ohio client servicing are related to Plaintiff's causes of action. As explained above, Defendants' alleged servicing of former NMS clients and use of proprietary NMS information proximately caused damages. Therefore, the causes of action for this suit sufficiently arise from Defendants' alleged activities in Ohio.

      iii. *Reasonableness*

Courts must consider whether exercising personal jurisdiction would be reasonable and comport with "traditional notions of fair play and substantial justice."[46] Courts consider several factors including burden on the defendant, interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in efficient resolution.[47] If the first two elements of specific jurisdiction are found, an inference arises that this third reasonableness factor is also present.[48]

This Court finds that Defendants purposefully availed themselves of the privilege of doing business in Ohio and that the causes of action arise from Defendants' alleged Ohio conduct. Therefore, this Court may infer that Ohio jurisdiction is reasonable.

While defending themselves in Ohio burdens Defendants Russell and Diamond, Ohio has an interest in vindicating alleged wrongs against Ohio parties. Plaintiff has interests in enforcing its employment contract and in protecting its trade secrets. Thus, jurisdiction over Defendants is reasonable despite some burden to Defendants.

---

[46] *International Shoe Co. v. Washington,* 326 U.S. 310 (1945).
[47] *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170 (6th Cir. 1988) (citing *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 115 (1987)).
[48] *Id.*

Case No. 16-cv-545
Gwin, J.

### IV. Conclusion

For the reasons above, this Court **DENIES** Defendants' motion to dismiss for lack of

personal jurisdiction.


IT IS SO ORDERED.


Dated:  June 20, 2016                                    *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE