```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
NMS, INC.,                                    :       CASE NO. 1:16-CV-545
                                              :
            Plaintiff,                        :
                                              :
    vs.                                       :       OPINION & ORDER
                                              :       [Resolving Doc. 28]
BREY & CO., et al.,                           :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff NMS, Inc. ("NMS") brings claims against Defendants Brey & Co., Gayla Russell and Amy Diamond for tortious interference with business relationships, breach of contract, and violations of the Ohio Uniform Trade Secrets Act.

Defendants move for summary judgment on the Ohio trade secrets claim, citing a Florida choice-of-law provision in a contract between the parties. For the following reasons, this Court **GRANTS** Defendants' motion.

**I. Background**

Plaintiff NMS, an Ohio corporation, provides accounting services to Ohio and Florida clients.[1] Defendant Brey & Co., a Florida corporation, also provides accounting services.[2] Before November 2012, Brey & Co. employed Defendants Amy Diamond, and Gayla Russell.

In November 2012, NMS purchased Brey & Co. through an Asset Purchase Agreement (the "Agreement"). Under the Agreement, NMS purchased "all of Brey's intangibles, intellectual and proprietary property, including all of Brey's client lists, and the clients' business and other

---

[1] Doc. 8 at ¶ 1.
[2] *Id.* at ¶ 2.

Case No. 16-cv-545
Gwin, J.

records."[3] The Agreement included a Florida choice-of-law provision that reads, "This Agreement shall be governed by and the rights and responsibilities of the parties construed in accordance with the laws of the State of Florida."[4]

While at NMS, Russell and Diamond worked in Florida and serviced Florida clients. Defendants never knowingly serviced Ohio clients or supervised Ohio employees.[5] Defendants did not have any relevant physical presence in Ohio.[6]

In April 2015, Defendants Russell and Diamond resigned from NMS.[7]

Plaintiff NMS alleges that the Defendants subsequently used NMS' proprietary information and serviced NMS clients.[8] In March 2016, NMS sued the Defendants for tortious interference with business relationships, breach of contract, and misappropriation of trade secrets pursuant to the Ohio Uniform Trade Secrets Act, Ohio R.C. § 1333.61 *et seq.*[9]

On November 14, 2016, Defendants Brey & Co., Diamond, and Russell moved for partial summary judgment on the trade secrets claim.[10] Defendants argue that the Agreement's Florida choice-of-law provision stops NMS from making an Ohio trade secrets claim.[11] Plaintiff NMS opposes. In its opposition, NMS claims its trade secrets claim is a tort claim, not a contract claim, and argues that the Agreement's choice-of-law provision is therefore inapplicable.[12]

---

[3] *Id.* at ¶ 10
[4] Doc. 8-1 at 16.
[5] *Id.* at ¶¶ 5–10.
[6] Doc. 9-2 at ¶ 18, Doc. 9-3 at ¶ 5.
[7] Doc. 8 at ¶ 17.
[8] *Id.* at ¶¶ 36–50.
[9] *Id.* at ¶¶ 51–63.
[10] Doc. 14.
[11] *Id.* at 7.
[12] Doc. 34.

Case No. 16-cv-545
Gwin, J.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[13] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[14] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[15] The Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[16]

## III. Discussion

Plaintiff NMS argues that its Ohio trade secrets claim survives summary judgment on two grounds: (1) Ohio law presumptively applies to the trade secrets claim because NMS's injury occurred there and (2) the Agreement's Florida choice-of-law provision is inapplicable because it only governs contract claims.[17] The Court addresses these arguments in turn.

*A. Enforceability of the Florida Choice-of-Law Provision*

The Court must first determine whether the Florida choice-of-law provision is enforceable. Plaintiff NMS argues that Ohio law governs its trade secrets claim because its injury occurred in Ohio, its principal place of business is Ohio, and its relationship with Defendants is Ohio centered.[18] Defendants argue that Florida's relationship to the dispute is more substantial and that applying Florida law would not violate fundamental Ohio policies.[19]

---

[13] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[15] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[16] *Killion*, 761 F.3d at 580. (internal citation omitted).
[17] Doc. 34 at 1-2.
[18] Doc. 34 at 2-4.
[19] Doc. 28 at 2-6.

-3-

Case No. 16-cv-545
Gwin, J.

Federal courts in diversity cases apply the choice-of-law principles of the forum state.[20] Therefore, Ohio choice of law rules govern in deciding whether this Court will apply Florida law pursuant to the Agreement's choice-of-law provision.

The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws, which provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.[21]

In this case, the Restatement favors application of the parties' choice-of-law provision. The chosen state, Florida, has a substantial relationship to the parties and their transaction, and it was reasonable for the parties to choose Florida law.[22] Moreover, Ohio's interest in this suit is not materially greater than Florida's, and applying Florida law would not frustrate a fundamental policy of Ohio.

*B. The Choice-of-Law Provision's Scope*

The Court turns to the second question of whether the trade secrets claim is within the choice-of-law provision's scope. Plaintiff NMS argues that the Agreement's Florida choice-of-

---

[20] *See Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).
[21] *Tele-Save Merch. Co. v. Consumers Distrib. Co., Ltd.*, 814 F.2d 1120, 1122 (6th Cir. 1987).
[22] The trade secrets claim centers on the accounting and tax services provided by Defendants Russell and Diamond. Russell and Diamond provided these services to clients from their Florida office. Doc. 28-1 at ¶¶ 6-7; Doc. 28-2 at ¶¶ 6-7.

-4-

Case No. 16-cv-545
Gwin, J.

law provision is inapplicable here because the trade secrets claim is a tort claim, not a contract claim.[23] NMS reads the choice-of-law provision too narrowly.

The Florida choice-of-law provision governs Plaintiff's misappropriation of trade secrets claim. The Agreement broadly states that "This Agreement shall be governed by and the rights and responsibilities of the parties construed in accordance with the laws of the State of Florida."[24] If the provision provided that Florida law merely governs the construction of the Agreement itself, then Plaintiff NMS would have a viable argument. But the language "and the rights and responsibilities of the parties" addresses the transaction and the parties' relationship more broadly.[25] Although NMS's trade secrets claim is not explicitly related to the Agreement, the claim directly relates to the parties' "rights and responsibilities" under the contract and is within the choice-of-law provision's scope.[26]

Because the parties' Florida choice-of-law provision applies here, Plaintiff NMS is precluded from asserting a claim under the Ohio Uniform Trade Secrets Act.

---

[23] Doc. 34 at 1.
[24] Doc. 8-1 at 16.
[25] *See Banek Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 363 (6th Cir. 1993) (holding that franchise agreement's choice-of-law provision governing "all rights and obligations of the parties" applied to fraud and misrepresentation claims because claims were "directly" and not "tangentially related" to franchise agreement); *see also Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 851-52 (N.D. Ohio 2010) (mortgage agreements' choice-of-law provisions apply to claims "closely, and not simply tangentially, related to the performance of the mortgage agreements").
[26] *See Baumgardner v. Bimbo Food Bakeries Distrib.*, 697 F. Supp. 2d 801, 804-06 (N.D. Ohio 2010) (holding that tort claims "not explicitly covered" by contract were still subject to contract's choice-of-law provision because they were "closely related to 'performance of the agreement'").

-5-

Case No. 16-cv-545
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **GRANTS** Defendants' motion for partial summary judgment.

IT IS SO ORDERED.


Dated: January 17, 2017                                 *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE